PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ISABELINO MANDÉS MONTES, Defendant and Appellant.

No. 6096.   Argued May 28, 1936.—Decided June 3, 1936.

*Santiago Porrata Doria* for appellant.   *R. A. Gómez, Prosecuting Attorney* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

The appellant was charged in the Municipal Court of Guayama with the offense of carrying a 38 caliber revolver on his person, in violation of the provisions of Section 1 of Act no. 14 of 1934 (Session Laws, p. 114).

On appeal to the District Court, the latter found the defendant guilty and sentenced him to a month in jail. The present appeal was taken from that judgment.

The only ground alleged for requesting a reversal of the judgment appealed from is that it is contrary to the evidence and the law applicable.

Let us examine the evidence which appears from the transcript of the evidence which forms part of the record.

The policeman testified that on the day of the offense he heard some shots on Jobos street which caught his atten-

tion, that he looked up and saw the defendant place something wrapped in a handkerchief under his clothing; that he followed the defendant, approached him, saw something bulky on him, seized it and it was a revolver; that the said revolver had the smoke of recently-fired powder; and that he first saw the defendant when he was in front of the Vienés Café, on Jobos Street, above Girod's blacksmith shop.

Police sergeant Andrés Carire testified only that the defendant upon being taken to the police station, admitted that the revolver had been taken from him by the informing policeman; and that the revolver smelled of powder.

The witnesses for the defense testified:

Eugenio Viñas, blacksmith, employed in Girod's blacksmith shop for 38 years, testified that on Sunday, September 22, 1935, the defendant brought a revolver to his house for repairs; that he took the revolver to the mechanic of the shop; that on the following Sunday, the 29th of the same month, the defendant went for his revolver; that the mechanic to try the revolver, fired a blank cartridge, in a well that is kept there to test weapons, he then handed it to the defendant; that the revolver was tested in his presence; that there was one report.

Canuto Robles, mechanic and gunsmith in Girod's shop, corroborated in every respect the testimony of Eugenio Viñas and identified the revolver presented in evidence by the prosecution as the same one that he had repaired and delivered to its owner, the defendant, on the day of the offense.

Julio Rodríguez testified that he accompanied the defendant to Girod's blacksmith shop to get a revolver that they were repairing for him; that he saw the delivery of the revolver to the defendant; that when he was returning with the defendant to Guamaní, which is where the said defendant lives, the latter stopped to buy a newspaper and it was there that the policeman seized the revolver; that the defendant was carrying the revolver in his back pocket, and it seems

that the policeman noticed the bulk and searched him; that he knows that before delivering the revolver to the defendant they tested it, firing a single shot; that he did not see the shot, since he stayed in the street, but that he heard it.

The testimony of the witnesses for the defense not only was not controverted in any way by the evidence of the prosecution, but was corroborated in its most essential part by the testimony of the two insular policemen, one of whom testified that he heard a shot, and both of whom testified that the revolver taken from the defendant smelled of powder recently burned. All of the evidence showed that the revolver was not loaded and that the defendant was carrying it wrapped in a handkerchief.

There was no conflict whatever in the evidence, nor was any attack made on the evidence for the defense which would justify its complete repudiation by the trial court. Moreover, it seems that the lower court believed that it was its duty to convict the defendant, even though it believed his witnesses, for the sole reason that the defendant was not carrying the revolver "well wrapped and tied," a condition which the court thought essential to show that his intention was only to carry the revolver from the shop to his home.

The words of the court show that it entertained, as we entertain, a doubt as to the guilt of the defendant. The trial court erred in not giving the defendant the benefit of that doubt. See: *People* v. *Pérez* 40 P.R.R. 724.

The judgment appealed from must be reversed.

Mr. Justice Córdova Dávila took no part in the decision of this case.